ASPEN FISH PRODUCTS CO., PLAINTIFF-RESPONDENT, v. PENNSYLVANIA-READING SEASHORE LINES, DEFENDANT-APPELLANT.

Argued May 21, 1941—Decided September 19, 1941.

For the appellant, *Thompson & Lloyd* and *Herbert Horn.*

For the respondent, *Harry Berkowilz, Benjamin Asbell* and *Joseph A. Keough* (of the Pennsylvania bar).

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Supreme Court entered on the verdict of a jury in Cape May County. The only questions raised are the refusal to nonsuit and refusal to direct a verdict for the defendant.

The case involves the loss of a carload of oil shipped by the plaintiff to Proctor & Gamble Co., at Ivorydale, Ohio. On the way the oil leaked out and, although the plaintiff was paid by Proctor & Gamble, it returned the money to that company. A bill of lading was issued to the plaintiff which was transmitted to a bank in Ohio and in some fashion found its way back to the railroad company which had it at the time of the trial.

The defendant raises two points as grounds for reversal. First that the plaintiff was not the lawful holder of the bill of lading. It is true, as stated, that the railroad company had the bill of lading in its possession. However, there can be no doubt that the plaintiff was the person entitled to recover

thereon. The provision of the statute, 49 *U. S. C. A.*, § 20, ¶ 11, is that the railroad carrier shall issue a receipt or bill of lading and that it shall be liable to the lawful holder of such receipt or bill of lading or to any person entitled to recover thereon. In the situation presented, the proofs warranted the submission of the case to the jury, at least, upon the point, the evidence being uncontradicted that the plaintiff was the party entitled to recover on the bill of lading, if anyone was.

The second point is that there was no evidence of any negligence on the part of the defendant and that the proof showed that the loss was the result of the plaintiff's act or default. Here again, we conclude there was clearly a question for the jury. The proof was that the agent of the plaintiff inspected the valve, removed the outlet cap, and did everything that was necessary to make an examination of the car to see that it was in proper shape before loading. The proofs tend to show that the plaintiff delivered the oil to the defendant for shipment under proper conditions, so that there was clearly a case to go to the jury and there was no error in the refusal to nonsuit or direct a verdict for the defendant.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.